UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HANNAH PUCKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>GRANITE DESIGNS, LLC, and MICHAEL SPEARS,<br><br>    Defendants. | Case No. 4:22-cv-00403-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it Plaintiff Hannah Puckett's Motion to Compel Service of Non-Party Successor Representative (Dkt. 31). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motions on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). The Court denies the motion.

**INTRODUCTION**

Defendant Michael Spears is recently deceased and the remaining parties, Puckett and Granite Designs, LLC, disagree regarding substituting Mr. Spears' estate (Spears Estate) into this lawsuit. Specifically, Puckett asserts that because Granite Designs submitted the suggestion of death concerning Mr. Spears, Granite Designs is obligated to effectuate service of the same upon

**MEMORANDUM DECISION AND ORDER - 1**

the Spears Estate. In response, Granite Designs argues that its counsel cannot ethically effectuate the service Puckett demands. Puckett asks the Court to order service upon the Spears Estate.

## LEGAL STANDARD

Substitution of a party due to death is governed by Rule 25 of the Federal Rules of Civil Procedure. Rule 25 states that if "a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). It also provides that if "the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id*. The referenced "statement of death" is commonly referred to as a "suggestion of death." To trigger the ninety-day limit identified in Rule 25, the "suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *LaKamp v. Runft*, 2022 WL 2967510, at *2 (D. Idaho July 27, 2022) (citations omitted).

## ANALYSIS

Puckett does not contest that Granite Designs adequately filed a suggestion of death, but instead argues that, because Granite Designs submitted the suggestion of death, it is responsible for serving it on Spears' non-party successor (here, the Spears' Estate). Puckett contends that because Granite Designs has not yet done so, the "90-day window to file a motion for substitution does not even open or begin . . . ." (Dkt. 31-1 at 4). Per her briefing, Puckett "would love nothing more than to skip this step and simply file her motion for substitution and carry on with the case,

**MEMORANDUM DECISION AND ORDER - 2**

but Rule 25 and applicable case law require service of the suggestion of death on the nonparty successors or representatives first" (*id*. at 5).

In response, Granite Design contends that Puckett has identified no authority which would allow the Court to order a "non-party," meaning counsel for Granite Designs, to serve the suggestion of death on the Spears Estate. Further, Granite Designs notes numerous ethical rules prohibit former counsel for Spears (who is also current counsel for Granite Designs) from serving the Spears Estate with the suggestion of death. (Dkt. 32 at 2-5) (citing Idaho Rules of Professional Conduct 1.9, 1.6, 1.18, and 4.2). Granite Designs' controlling stakeholder was Mr. Spears, and its counsel represents that: (1) Granite Designs is now an asset of the Spears Estate; and (2) counsel is a creditor of the estate. (Dkt. 32 at 3).

In reply, Puckett disputes the rules of professional conduct for attorneys are relevant and reiterates her position that "a plain reading of Rule 25 and the case law interpreting it, requires the party who filed the Suggestion of Death to serve it on the successor; filing alone is insufficient." (Dkt. 33 at 2). Puckett claims that "unless or until that happens, Plaintiff cannot file a motion for substitution because the 90-day window to do so does not open until the successor is served by the suggesting party" (*id*.).

Most of the parties' disagreement comes from a basic misunderstanding of what Rule 25 requires and its effect. The ninety-day window is a potential benefit to Spears (now, his estate). By complying with the requirements of Rule 25, the ninety-day window would begin to run, and after ninety days, the Court would deny any attempt by Puckett to substitute the Spears Estate as a party to this case. The failure to trigger the ninety-day window, however, has no bearing on

**MEMORANDUM DECISION AND ORDER - 3**

whether Puckett can file her motion for substitution. *See* WRIGHT & MILLER, 7C FED. PRAC. & PROC. CIV. § 1955 (3d ed.) (Time for Substitution).

Indeed, the Advisory Committee Note to the 1963 amendment of Rule 25(a)(1) helpfully explains:

> A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death. Indeed, the motion will usually be so made. If a party or the representative of the deceased party desires to limit the time within which another may make the motion, he may do so by suggesting the death upon the record.

*See also* 7C FED. PRAC. & PROC. CIV. § 1956 (3d ed.) § 1956 (Mechanics of Substitution) ("A motion for substitution for a deceased party may be made by any party. It is not necessary that a notation of the fact of death be made on the record before a motion for substitution can be made" (footnote omitted).

Consequently, the Court finds Puckett's request misplaced. Puckett knows the identity of the Spears Estate's personal representative and lawyer, the county in which the Spears Estate is being probated, and the state court case number (Dkt. 32 at 2). Yet, she seeks an order compelling Granite Designs or its counsel to take affirmative action which neither is obligated to take. While the Court recognizes it has the authority to order parties to serve legal filings, it declines to order Granite Designs to take optional steps to protect the interests of the Spears' Estate, which is currently a non-party.

## ORDER

**IT IS ORDERED that:**

1. Puckett's Motion to Compel Service of Non-Party Successor or Representative (Dkt. 31) is **DENIED**.

DATED: June 11, 2025

*Amanda K. Brailsford*
**Amanda K. Brailsford**
U.S. District Court Judge