UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HANNAH PUCKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>GRANITE DESIGNS, LLC, and MICHAEL SPEARS,<br><br>    Defendants. | Case No. 4:22-cv-00403-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Plaintiff Hannah Puckett's Motion for Substitution of Proper Party Pursuant to Federal Rule of Civil Procedure 25 (Dkt. 38). Having reviewed the record and Puckett's submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motions on the record. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). The Court denies the motion.

### INTRODUCTION

Puckett sued her employer, Granite Designs, LLC, and Michael Spears, who apparently owned Granite Designs. (Dkts. 1, 26) (identifying Spears as Granite Designs' owner). Spears died during this action's pendency on February 11, 2025 (Dkts. 25, 38-1). Thereafter, Puckett and Granite Designs have struggled to place the proper parties before the Court (*see* Dkts. 25, 28, 30,

**MEMORANDUM DECISION AND ORDER - 1**

31, 34). The Court has repeatedly ordered Puckett to identify which claims she believes survive against Spears' estate for purposes of substitution under Rule 25, but she has failed to do so.

## LEGAL STANDARD

Rule 25 of the Federal Rules of Civil Procedure govern the substitution of a party due to his death. It states that if "a party dies *and the claim is not extinguished*, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1) (emphasis added). "A motion for substitution may be made by any party or by the decedent's successor or representative." *Id.* "[I]n deciding a motion to substitute under Rule 25(a)(1), the Court must consider whether: (1) the motion is timely, (2) the claims pled are extinguished, and (3) the person being substituted is a proper party. *Maseda v. Saul*, No. 1:20-CV-01657 JLT, 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021).

Rule 25 is a procedural rule; it is not a grant of any substantive right that a claim will continue after a party's death. *Hilbrands v. Far E. Trading Co.*, 509 F.2d 1321, 1323 (9th Cir. 1975). Survivability may vary claim by claim depending on the governing law. *Meyers v. Cnty. of Los Angeles*, No. CV 10-05225-DMG(AJW), 2011 WL 7164461, at *1-2 (C.D. Cal. Dec. 19, 2011), *report and recommendation adopted*, 2012 WL 394857 (C.D. Cal. Feb. 6, 2012). Before granting a motion for substitution under Rule 25, the court must find at least one claim survives. *Jewett v. Bishop, White Marshall & Weibel, P.S.*, No. CV 12-10142 PSG MRWX, 2013 WL 6818245, at *3 (C.D. Cal. Feb. 25, 2013).

## ANALYSIS

Here, Puckett has alleged multiple claims for relief, including claims for failure to pay wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219; for retaliation under

the FLSA; for fraudulent hiring; for failure to pay under the Idaho Wage Claim Act (IWCA), Idaho Code §§ 45-601 – 621; and for retaliation under the IWCA. (Dkt. 1 at ¶¶ 37-80). Although not entirely clear from Puckett's complaint, she appears to allege each of these claims against both Spears and Granite Designs.

To substitute Spears' estate for Spears as Puckett requests, the Court must consider whether Spears' death extinguished Puckett's claims. Accordingly, the Court has twice ordered Puckett to address which claims survive Spears' death (Dkts. 27, 35). On April 4, 2025, it ordered Plaintiff to address "which claims survive and against whom" (Dkt. 27), and again on June 16, 2025, it ordered Plaintiff—as part of its motion for substitution—to address "which claims against the decedent survived his death or, alternatively, were extinguished" (Dkt. 35).

Despite Rule 25's unambiguous language that a substitution is only proper for claims that are not extinguished and the Court's orders expressly requiring Puckett to explain which claims survived Spears' death, her motion to substitute Spears' estate summarily concludes that "the claims in this action are not extinguished by the death of Defendant Spears, and the action should proceed against the personal representative of the deceased Defendant's estate as well as Granite Designs, LLC" (Dkt. 38-1 at ¶ 3).

Notably, Puckett does not identify which claims are not extinguished, does not provide any analysis, and does not cite any supporting authority. Accordingly, Puckett has failed to show any of her claims survived Spears' death for purposes of substituting his estate to defend against the claims. Because Plaintiffs have failed to demonstrate Spears' death did not extinguish her claims, the Court denies her motion to substitute his estate as a party to this action.

**ORDER**

**IT IS ORDERED that:**

1. Plaintiff's Motion for Substitution of Proper Party Pursuant to Federal Rule of Civil Procedure 25 (Dkt. 38) is **DENIED**.

DATED: July 24, 2025

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge