UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HANNAH PUCKETT,<br><br>    Plaintiff,<br><br>v.<br><br>GRANITE DESIGNS, LLC, and MICHAEL SPEARS,<br><br>    Defendants. | Case No. 4:22-cv-00403-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Plaintiff Hannah Puckett's second Motion for Substitution of Proper Party Pursuant to Federal Rule of Civil Procedure 25 (Dkt. 41). Having reviewed the record, the Court finds that oral argument would not significantly aid its decision-making process, and it decides the motion on the record. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). The Court grants Puckett's motion in part and denies it in part.

## BACKGROUND

In September 2022, Puckett sued her former employer, Defendant Granite Designs, LLC, and its only member, Defendant Michael Spears (Dkt. 1 at ¶ 9; Dkt. 41-1 at 4). In her complaint, Puckett alleges both state and federal law claims, including violations of the Fair Labor Standards Act (FLSA) against Spears and Granite Designs; violations of the Idaho Wage Claim Act (IWCA) against Spears and Granite Designs; and a state law claim for fraudulent hiring against Granite

Designs (Dkt. 1 at ¶¶ 37-80). For purposes of her FLSA and the IWCA claims, Puckett also alleges that both Granite Designs and Spears were her employers (*id.* at ¶ 7).

On February 11, 2025, Spears died, and on March 31, Granite Designs filed a suggestion of death (Dkt. 25). Thereafter, Puckett moved to compel Granite Designs to serve the notice of suggestion on Spears' nonparty successor, and Granite Designs opposed that motion (Dkts. 31, 32). The Court denied Puckett's motion, concluding Puckett could file a motion to substitute despite that Granite Designs had not served Spears' successor with the suggestion of death (Dkt. 34).

Puckett then moved under Rule 25 of the Federal Rules of Civil Procedure to substitute Chaz Michael Spears, who is the personal representative of the Estate of Michael Spears (the Estate) as a party to this action (Dkt. 38). Puckett, however, did not address in her motion whether any of her claims survived Spears' death (*id*). For this reason, the Court denied Puckett's motion (Dkt. 40) Puckett has now filed a renewed motion addressing the survivability of her claims for purposes of substituting the Estate as a party (Dkt. 41). No opposition to the motion has been filed.

## LEGAL STANDARD

Upon a party's death, Rule 25 governs the substitution of the deceased party with another proper party. It provides that if "a party dies and the claim is not extinguished, the court may order substitution of the proper party" and that "a motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). Rule 25 further provides that if "the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.* The "statement of death" is commonly referred to as a "suggestion of death." To trigger the ninety-day limit identified in Rule 25, the

"suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *LaKamp v. Runft*, No. 1:20-cv-00544-DCN, 2022 WL 2967510, at *2 (D. Idaho July 27, 2022) (citations omitted). In deciding a Rule 25(a)(1) motion to substitute, the court must consider whether: (1) the motion is timely, (2) the claims pled are extinguished, and (3) the person being substituted is a proper party. *Maseda v. Saul*, No. 1:20-cv-01657 JLT, 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021).

## ANALYSIS

There is no dispute that the Estate is the proper party for substitution in lieu of Spears. Also, Puckett's motion is timely because Granite Designs, the suggesting party, never triggered the ninety-day limit under Rule 25 for moving to substitute a party. *See Gilmore v. Lockard*, 936 F.3d 857, 865 (9th Cir. 2019) (holding suggesting party must serve suggestion of death on nonparty successor to trigger ninety-day period). Further, Puckett concedes that Spears did not commit fraudulent hiring and that her claim for fraudulent hiring is only against Granite Designs (Dkt. 41-1 at 4). Accordingly, the only issues for the Court's resolution are whether Puckett's FLSA and IWCA claims survive Spears' death.

1. **FLSA**

As noted above, Puckett alleges Spears was her "employer" for purposes of the FLSA (Dkt. 1 at ¶ 7). The FLSA broadly defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Ninth Circuit has held that "the definition of employer under the FLSA is not limited by the common law concept of employer" and "is to be given an expansive interpretation in order to effectuate the FLSA's

broad remedial purposes." *Lambert v. Ackerley*, 180 F.3d 997, 1011-12 (9th Cir. 1999) (quotations omitted). Accordingly, for purposes of substitution, the Court assumes Spears was Puckett's employer within that term's meaning under the FLSA.

The test for determining whether federal claims, such as FLSA claims, survive "hinges on whether the statutory provision is primarily penal in nature or remedial in nature." *Ahlstrom v. DHI Mortg. Co., Ltd., L.P.*, No. 19-CV-03435-BLF, 2023 WL 309399, at *1 (N.D. Cal. Jan. 18, 2023) (citation omitted). Generally, the Ninth Circuit has recognized FLSA claims are remedial in nature. *See Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1151 (9th Cir. 2000) (noting courts must interpret FLSA broadly as a remedial statute) (citing *Lambert*, 180 F.3d at 1003); *Arias v. Raimondo*, 860 F.3d 1185, 1192 (9th Cir. 2017) (noting FLSA is remedial in purpose). Absent opposition to the contrary, the Court concludes Puckett's FLSA claims are remedial in nature and survive Spears' death.

### 2.  IWCA

Puckett also alleges Spears was her employer for purposes of her IWCA claims (Dkt. 1 at ¶ 7). In support, Puckett relies on the IWCA's definition of employer (Dkt. 41-1 at 5). Section 45-601 of the IWCA provides that "'[e]mployer' means any individual, partnership, association, joint stock company, trust, corporation, the administrator or executor of the estate of a deceased individual, or the receiver, trustee, or successor of any of the same, *employing any person*. Idaho Code § 45-601(5) (emphasis added). Notably, unlike the FLSA's definition of employer, this definition does not include the broad language that a person acting on behalf of the employer "in relation to an employee" is an "employer." *Compare* 29 U.S.C. § 203(d).

Further, the plain meaning of § 45-601(5) does not support the proposition that an estate of *any* deceased individual may be an employer under the IWCA. Rather, in relevant part the statute refers to "any individual . . . employing any person" or "the estate of a deceased individual . . . employing any person." Idaho Code § 45-601(5). The Estate is obviously not employing Puckett. In other words, only if the deceased was indeed the plaintiff's employer before his death is his estate a possible proper defendant for an IWCA claim. The fact of death alone does not make the Estate an employer unless Spears was an employer under the IWCA before his death.

Puckett cites no authority for the proposition that the term "employer" under the IWCA has a broader meaning than the common law meaning. Specifically, she cites no authority that a member of a limited liability company, like Granite Designs, is considered an employer of that company's employees simply by virtue of his membership in the company. Although Puckett cites *Arias*, 860 F.3d at 1192, in support of her assertion that Spears was her employer for purposes of IWCA, that case is inapposite. It neither addresses an IWCA claim nor any other claim for wages. Rather, *Arias* addresses whether an employer's attorney is subject to FLSA liability for retaliation even though the attorney never employed the plaintiff. *Id.* at 1186.

Further, Puckett's assertion that Spears is her employer does not comport with Idaho law. *See* I.C. § 30-25-304 (limited liability company members are not personally liable for acts taken solely because of membership); *Wandering Trails, LLC v. Big Bite Excavation, Inc.*, 329 P.3d 368, 376 (Idaho 2014) (noting "a limited liability company is a legal entity 'distinct from its members'" and providing "[m]embers of an LLC are not liable for the misconduct of the company unless it is proven that the company is the alter ego of the member"); *State, ex rel. Dep't of Lab. & Indus. Servs. v. Hill*, 118 Idaho 278, 284, 796 P.2d 155, 161 (Ct. App. 1990) (noting traditional right to

control test determines if employer relationship exists under IWCA). Because no authority of which the Court is aware supports Puckett's allegation that Spears was her employer for purposes of the IWCA, it appears her IWCA claim against Spears is not proper. For that reason, the Court concludes it does not survive against the Estate.

## ORDER

**IT IS ORDERED that:**

1. Puckett's second Motion for Substitution of Proper Party Pursuant to Federal Rule of Civil Procedure 25 (Dkt. 41) is **GRANTED** in part and **DENIED** in part.

2. The Court substitutes Chaz Michael Spears, the personal representative for the Estate of Michael Spears for the decedent, Defendant Michael Spears, for purposes of Puckett's FLSA claims.

DATED: August 18, 2025

_Amanda K. Brailsford_
Amanda K. Brailsford
U.S. District Court Judge